## THE STATE v. BERRY, Appellant.

Division Two, February 1, 1904.

1. **Criminal Law**: GRAND JURY: SELECTED BY COUNTY COURT: ORDER ON SHERIFF TO SUMMON. Although the Act of March 19, 1901 (Laws 1901, p. 192) was not in force when the judge of the circuit court ordered the sheriff, as provided by said act, to summon a grand jury, yet if the sheriff summoned the same jurors which the county court had already selected, such proceeding is a substantial compliance with the law, and no right of defendant was affected thereby.

2. ———: EMBEZZLEMENT: BY CONSTABLE: EVIDENCE. In a prosecution for embezzlement by a constable of money coming into his hands as such official it was shown that suit had been brought on a note before a justice of the peace; that summons was issued and placed in the hands of defendant who was constable of the township in which suit was brought; that service was had on defendant in the suit, and that he paid to defendant, as constable, the amount of the note and interest; that demand was made on defendant for the money, and that he failed to pay it over, saying that he did not have it, and was "up against it;" and that defendant's bondsman was compelled to pay the note after his default. *Held*, sufficient to sustain a conviction of embezzlement.

3. ———: ———: IRRESISTIBLE IMPULSE: NO DEFENSE. Irresistible impulse is, in this State, no defense for the commission of crime. An instruction is properly refused which tells the jury that they should acquit defendant if they believed his will power was so weakened and impaired by the use of drugs that he could not resist the impulse to do wrong.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

Affirmed.

*S. Turner, J. S. Banks* and *Gillespy & Conley* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1)    The circuit court of Boone county convened in February, 1901, and it seems that the court was under the impression that section 3770a, Laws 1901, page 192, was in force at that time.    It seems, however, that this act was approved on March 19, 1901.    The record discloses that on the 2d day of the February term of the court the judge made an order and spread the same upon his records, that the sheriff select and summon a grand jury.    In obedience to the order, the sheriff summoned a grand jury and made it up of the persons whom he had theretofore summoned under the order of the county court.    We do not see any cause for complaint as to this procedure.    (2)    Instruction 1, defining the offense charged against the defendant, follows the lines which have been marked out by this court.    State v. Cunningham, 154 Mo. 161; State v. Schilb, 159 Mo. 130. (3)    Instruction 13, asked by defendant, stated a hypothetical state of facts not shown by the evidence, in that it submitted to the jury the question as to the effect of the use of cocaine and morphine on the mind, and there was absolutely no evidence in the record tending to show that the defendant used either cocaine or morphine.    It was further objectionable because it directed the acquittal of the defendant, although they may have believed that the defendant had sufficient mental capacity to know the difference between right and wrong and did not have sufficient mind to resist the impulse to do wrong.

GANTT, P. J.—At the February term of the Boone County Circuit Court the defendant was indicted by the grand jury for embezzlement of $132.60, the money and

property of F. P. Mitchell, which money came to and was collected by said defendant by virtue of his official position as constable within and for Columbia township, Boone county, Missouri.

The defendant having no counsel, the court appointed two members of the bar, Messrs. Haydon & Conley, to defend him.

He was duly arraigned and pleaded not guilty.

The cause was continued at the February and June terms, and at the October term the defendant, by leave of the court, withdrew his plea of not guilty and filed a motion to quash the indictment, which motion the court overruled. This motion was properly overruled because the sole ground of the motion was that the indictment was not found and returned by a grand jury selected according to law. We have not been favored with either oral argument or brief on the part of defendant, but we glean from the bill of exceptions that it was his contention that the Act of March 19, 1901, was in force and that the county court could not select a grand jury for the February term, 1901, without an order of the circuit court or the judge thereof in vacation, but it is obvious this was a misapprehension.

The Revised Statutes of 1899, sections 3769 and 3770, were in force when the grand jury was selected by the county court in January, 1901.

While it is true the circuit court did make an order on the sheriff to summon a grand jury at the February term, it appears he summoned the same jurors which the county court had already selected. This action of the circuit court in no way affected any right of defendant.

Indeed, it seems to have been merely a precaution to comply with the act probably then pending which ripened into the Act of 1901 (Laws 1901, p. 192) section 3770a.

In no event was the action of the court in ordering the grand jury any ground for quashing the indictment.

It was a substantial compliance with the law both in form and spirit.

After the motion to quash was overruled a demurrer was filed alleging that the indictment was insufficient because it failed to allege that the money embezzled was the property of anybody whomsoever. The demurrer was properly overruled because the indictment specifically charges the money so embezzled was "the money and property of F. P. Mitchell."

Thereupon defendant declining to plead further, the court ordered a plea of not guilty to be entered, which was done, and the cause was ordered to proceed.

A jury was empaneled to which no exception was taken.

The State then introduced the papers in the case of F. P. Mitchell against D. C. Berry and Price J. Berry before J. C. Gillespy, justice of the peace, Columbia township, Boone county, Missouri. Suit on a note to Miss Pearl Mitchell, dated April 26, 1896, for one hundred dollars, and payable one day after date, with interest from date, and the filing by J. C. Gillespy thereon for suit, September 8, 1900, and the summons thereon.

It was then shown that defendant W. F. Berry was constable of said township at the time and the summons placed in his hands and service on both of the defendants in the case.

There was evidence that the defendant reported to the justice in his court that the defendants paid the note on the day of service of the summons.

It was shown by one of the defendants in the suit on the note that he paid the note and interest to the defendant as constable to the amount of $132.60. Proof of demand on the constable for the money was then made and his failure to pay it over.

He said he didn't have it, was up against it, but didn't say what he had done with it. Miss Mitchell's brother testified he had the note of his sister in his hands for collection and had authority to collect it.

B. M. Anderson testified he paid the money to the constable, having collected the check which P. J. Berry gave the constable to pay the note in suit.

It was also shown that the defendant's bondsman was compelled to pay the amount of the note for the defendant after his default.    The defendant then offered much evidence to show he was insane at the time he collected the note and failed to pay over the money, and the State offered evidence in rebuttal.

The court instructed fully on all points of law arising in the record.

Only one instruction, No. 13 prayed by defendant, was refused, to which exception was taken.    As the instructions given are such as have often met the approval of this court, it is not necessary to encumber this opinion with them.    The 13th instruction asked by defendant was properly refused.    In substance it requested the court to declare that if the mind and memory of defendant was impaired from chronic drunkenness and attempts to cure alcoholic disease or from the use of cocaine or morphine, but that he still retained intellectual power to perceive right and wrong, yet his will power was so impaired and weakened that he could not resist the impulse to do wrong, then the jury must acquit him. This is but the old defense of irresistible impulse, which this court has refused to recognize as a defense.    If the defendant knew the right from the wrong of the act he was committing, he was responsible for his act, and the court properly refused the instruction. Moreover, there was no evidence of his having used cocaine or morphine to cure his alcoholism.

The instructions on insanity were as favorable to defendant as our laws permit.    Under these instructions the jury found against his plea of insanity and the evidence on the part of the State amply supports their finding.

The instruction on the main proposition, the embezzlement of the money collected by defendant as constable, fully meets the requirements of our decisions. [State v. Schilb, 159 Mo. 140.]

We find no error in the record, and the judgment is affirmed. All concur.